UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x
: 
PATRIARCH PARTNERS XV, LLC and :
OCTALUNA LLC, :
 :
                Plaintiffs, : No. 1:16-cv-07128-JSR
 :
   v. :
 :
U.S. BANK NATIONAL ASSOCIATION and :
MBIA INSURANCE CORPORATION, :
 :
                Defendants. :
 :
------------------------------------- x

**DECLARATION OF ROBERT F. SERIO IN FURTHER SUPPORT OF PLAINTIFFS'
APPLICATION BY ORDER TO SHOW CAUSE FOR A PRELIMINARY INJUNCTION**

I, Robert F. Serio, under penalty of perjury, declare as follows:

1. I am an attorney duly admitted to practice before this Court, and a partner in the law firm of Gibson, Dunn & Crutcher LLP ("Gibson Dunn"), attorneys for Plaintiffs Patriarch Partners XV, LLC ("Patriarch XV") and Octaluna LLC ("Octaluna" and, together with Patriarch XV, the "Plaintiffs") in this action. I submit this declaration in further support of Plaintiffs' application by order to show cause for a preliminary injunction.

2. I submit this declaration based on my personal knowledge, a review of Gibson Dunn's files, and on information and belief, where indicated. The exhibits to this Declaration are numbered to follow sequentially from those attached to the September 12, 2016 affirmation of my partner, Mark A. Kirsch, in support of Plaintiffs' application ("Kirsch Aff.").

3. Plaintiffs now have received access to the data room organized by Duff & Phelps, LLC, the liquidation agent ("Data Room"). On information and belief, the Data Room contains confidential and proprietary financial information of certain borrowers and other companies that

Plaintiffs provided to Alvarez & Marsal Zohar Management, LLC ("AMZM") in its capacity as successor collateral manager, and with the understanding that AMZM would maintain the confidentiality of these documents.

4.  The Investor Representations and Confidentiality Agreement (the "Confidentiality Agreement"), which is required to be signed by any prospective bidder seeking to gain access to the Data Room, indemnifies the Trustee and the Liquidation Agent for, among other things, any and all claims and damages arising directly or indirectly from "any breach of the undersigned's representations and warranties," including the agreement to use the information in the data room "solely for the purposes of evaluating whether . . . to participate in the [Sale Process] and for no other purpose whatsoever." *See* Kirsch Aff., Ex. 4 (Exhibit B to Notice of Public Sale and Invitation to Bid). The Confidentiality Agreement does not provide any indemnification for any of the portfolio companies that are borrowers with respect to the Collateral or any other company whose confidential or proprietary information is included in the Information (as that term is defined in the Confidentiality Agreement). *See id.* ¶ 4.

5.  Several documents attached to this Declaration are handwritten interview notes written by staff of the Securities & Exchange Commission's (the "SEC") Division of Enforcement (the "Division"), as produced in the SEC administrative proceeding captioned *In the Matter of Lynn Tilton*, et al., Administrative File No. 3-16462 (the "SEC Proceeding") as part of the Division's production in connection with required discovery in that proceeding. Although the Division described these documents as "confidential" in their May 27, 2015 production letter, no confidentiality agreement exists between the respondents in the SEC Proceeding, which include Ms. Tilton and Patriarch XV, on the one hand, and the Division, on the other, nor has the administrative law judge presiding over the SEC Proceeding entered a protective order governing

those documents. Although Plaintiffs do not believe these documents are, in fact, confidential, we have filed Exhibits 32, 34-36, and 45 under seal out of an abundance of caution. Under separate cover, Plaintiffs will submit a letter to the Court seeking to publicly file these Exhibits.

6. The Declaration of James K. Finkel states that "seven institutions returned an executed Confidentiality Agreement," and "[e]ach of the seven institutions downloaded the vast majority of documents (if not every document) available within the Data Room." Finkel Decl. ¶¶ 43-44. However, the Trustee's expedited production of documents contained only four executed confidentiality agreements.

7. Attached hereto as Exhibit 22 is a true and correct copy of a letter from Michael E. Johnson, Esq. to Mark A. Kirsch, Esq., dated September 23, 2016.

8. Attached hereto as Exhibit 23 is a true and correct copy of email messages from James Finkel to Geoff Varga, Adam Klausner, Richard Schetman, and Ingrid Bagby, dated April 19 and 20, 2016, and Bates numbered MBIA_ZOHAR 0003409-10, as produced by MBIA Insurance Corporation ("MBIA") pursuant to this Court's September 20, 2016 order. Exhibits 23-24 and 26-31 have been filed under seal pursuant to the Protective Order entered in this case on September 30, 2016. *See* Dkt. No. 42. Plaintiffs reserve their rights to challenge the designation of these documents as confidential.

9. Attached hereto as Exhibit 24 is a true and correct copy of an email message from Richard Schetman to James Finkel, dated June 7, 2016, and Bates numbered MBIA_ZOHAR 0003463, as produced by MBIA pursuant to this Court's September 20, 2016 order.

10. Attached hereto as Exhibit 25 is a true and correct copy of the post-trial brief submitted on or around August 30, 2016 by defendants in the litigation captioned *Zohar CDO 2003-1, LLC, et al. v. Patriarch Partners, LLC, et al.*, No. 12247-VCS, and pending in the Court

3

of Chancery of the State of Delaware (the "Delaware Litigation"). Exhibit 25 contains confidential material subject to the Stipulation and Order Governing the Production and Exchange of Confidential and Highly Confidential Information entered in the Delaware Litigation and has been redacted accordingly.

11. Attached hereto as Exhibit 26 is a true and correct copy of email messages between James Finkel and Anthony McKiernan, dated August 12, 2016, and Bates numbered MBIA_ZOHAR 0002871-72, as produced by MBIA pursuant to this Court's September 20, 2016 order.

12. Attached hereto as Exhibit 27 is a true and correct copy of a draft of the Collateral Liquidation Schedule, dated June 14, 2016, and Bates numbered MBIA_ZOHAR 0001306-11, as produced by MBIA pursuant to this Court's September 20, 2016 order.

13. Attached hereto as Exhibit 28 is a true and correct copy of email messages between Ingrid Bagby, Patrick Hayden, and Richard Schetman, dated April 19, 2016, and Bates numbered MBIA_ZOHAR 0000184-86, as produced by MBIA pursuant to this Court's September 20, 2016 order.

14. Attached hereto as Exhibit 29 is a true and correct copy of an email message from Richard Schetman to Patrick Hayden, dated May 20, 2016, and Bates numbered MBIA_ZOHAR0000553, as produced by MBIA pursuant to this Court's September 20, 2016 order.

15. Attached hereto as Exhibit 30 is a true and correct copy of an email message from Richard Schetman to Patrick Hayden, dated May 17, 2016, and Bates numbered MBIA_ZOHAR0000556, as produced by MBIA pursuant to this Court's September 20, 2016 order.

16. Attached hereto as Exhibit 31 is a true and correct copy of an email message from Anthony McKiernan to James Finkel, dated July 3, 2016, and Bates numbered MBIA_ZOHAR0000876, as produced by MBIA pursuant to this Court's September 20, 2016 order.

17. Attached hereto as Exhibit 32 is a true and correct copy of handwritten interview notes written by Division staff on an unknown date, as produced in the SEC Proceeding as part of the Division's production in connection with required discovery in that proceeding and Bates numbered SECNOTES000495-96.

18. Attached hereto as Exhibit 33 is a true and correct copy of an email from Lynn Tilton to Anthony McKiernan, dated March 15, 2013, and the attachment thereto.

19. Attached hereto as Exhibit 34 is a true and correct copy of handwritten interview notes written by Division staff on or around August 22, 2013, as produced in the SEC Proceeding as part of the Division's production in connection with required discovery in that proceeding and Bates numbered SECNOTES000721-25.

20. Attached hereto as Exhibit 35 is a true and correct copy of handwritten interview notes written by Division staff on or around April 9, 2013, as produced in the SEC Proceeding as part of the Division's production in connection with required discovery in that proceeding and Bates numbered SECNOTES000656-70.

21. Attached hereto as Exhibit 36 is a true and correct copy of handwritten interview notes written by Division staff on or around July 30, 2013, as produced in the SEC Proceeding as part of the Division's production in connection with required discovery in that proceeding and Bates numbered SECNOTES000726-28.

22. Attached hereto as Exhibit 37 is a true and correct copy of email messages between Division staff and MBIA, dated December 17, 2013 through December 19, 2013, as produced in the SEC Proceeding as part of the Division's production in connection with required discovery in that proceeding.

23. Attached hereto as Exhibit 38 is a true and correct copy of an email message from Division staff to MBIA counsel, dated January 30, 2014, as produced in the SEC Proceeding as part of the Division's production in connection with required discovery in that proceeding.

24. Attached hereto as Exhibit 39 is a true and correct copy of an email message from Division staff to MBIA counsel, dated January 30, 2014, as produced in the SEC Proceeding as part of the Division's production in connection with required discovery in that proceeding.

25. Exhibit 40 is intentionally omitted.

26. Exhibit 41 is intentionally omitted.

27. Exhibit 42 is intentionally omitted.

28. Exhibit 43 is intentionally omitted.

29. Exhibit 44 is intentionally omitted.

30. Attached hereto as Exhibit 45 is a true and correct copy of handwritten interview notes written by Division staff on or around October 2, 2013, as produced in the SEC Proceeding as part of the Division's production in connection with required discovery in that proceeding and Bates numbered SECNOTES000715-18.

31. Attached hereto as Exhibit 46 is a true and correct copy of an email message from Anne Tompkins to Amy Sumner, dated April 23, 2015, and Bates numbered Tilton-SEC-A-000000000002-03, as produced in the SEC Proceeding as part of the Division's production in

response to a subpoena issued by Respondents on or around September 1, 2016 in that proceeding.

32. Attached hereto as Exhibit 47 is a true and correct copy of email messages between Jonathan Hoff and Amy Sumner, dated September 19, 2016, and Bates numbered Tilton-SEC-A-000000003046-47, as produced in the SEC Proceeding as part of the Division's production in response to a subpoena issued by Respondents on or around September 1, 2016 in that proceeding.

33. Attached hereto as Exhibit 48 is a true and correct copy of email messages between Anne Tompkins and Amy Sumner, dated June 1, 2015, and Bates numbered Tilton-SEC-A-000000000255-57, as produced in the SEC Proceeding as part of the Division's production in response to a subpoena issued by Respondents on or around September 1, 2016 in that proceeding.

34. Attached hereto as Exhibit 49 is a true and correct copy of a Fifth Supplemental Indenture executed between Zohar CDO 2003-1, Limited; Zohar CDO 2003-1, Corp.; Zohar CDO 2003-1, LLC; MBIA Insurance Corporation; CDC Financial Products Inc.; and U.S. Bank National Association, dated June 19, 2015.

35. Attached hereto as Exhibit 50 is a true and correct copy of a Wall Street Journal article entitled *SEC Files Fraud Charges Against Lynn Tilton, Patriarch Partners*, dated March 30, 2015, available at www.wsj.com/articles/sec-files-fraud-charges-against-lynn-tilton-patriarch-partners-1427726853.

36. As described above, the Confidentiality Agreement does not indemnify the portfolio companies who are borrowers with respect to the Collateral or any other company whose confidential or proprietary information is included in the Information in the event of

unauthorized disclosure of the Information. So as to ensure strict confidentiality over the Information, attached hereto as Exhibit 51 is a true and correct copy of Plaintiffs' proposed modifications to Paragraph 4 of the Confidentiality Agreement, which Plaintiffs respectfully request that this Court so order.

\s\ Robert F. Serio
Robert F. Serio